272 So.2d 639 (1973)
Pete BARLOW, Jr.
v.
STATE of Mississippi.
No. 47099.
Supreme Court of Mississippi.
January 22, 1973.
Charles A. Ray, Jr., Hazlehurst, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Pete Barlow, Jr., was charged by indictment with intentionally pointing, aiming, and discharging a gun and thereby wounding his son, Leroy Barlow. Mississippi Code 1942 Annotated section 2013 (1956). He was tried and convicted in the Circuit Court of Copiah County and was sentenced to serve a term of three years in the penitentiary.
From that conviction and sentence he has appealed, assigning several grounds for reversal.
The shooting was the culmination of an argument between father and son following the son's use of his mother's automobile contrary to orders given him by the father not to do so. The defense offered was self-defense.
Appellant testified, in effect, that he had fired to save himself from death or great bodily harm at the hands of his son who had armed himself with a butcher knife and was attempting to attack him. This was directly contradicted by the testimony of the son and the evidence in the record upon this critical point is irreconcilably conflicting. By its verdict, the jury resolved this factual issue against appellant and the record reflects that the evidence amply supports the verdict. Appellant's contention that the verdict of the jury was against the weight of the evidence is, therefore, not well taken.
The second point assigned and argued as requiring reversal is that the State failed to produce the butcher knife with which it was said the son was armed and that this had the effect of depriving appellant of his "rights." No request or motion having been made or presented to the trial court for production of the knife, the question cannot be raised now on appeal.
*640 In Blackwell v. State, 44 So.2d 409, 410 (Miss. 1950), this Court stated the following rule:
It is now well settled that when anything transpires during the trial that would tend to prejudice the rights of defendant, he cannot wait and take his chances with the jury on a favorable verdict and then obtain a reversal of the cause in this Court because of such error, but he must ask the trial court for a mistrial upon the happening of such occurrence when the same is of such nature as would entitle him to a mistrial.
The general rule is stated at 23 C.J.S. Criminal Law § 1036(1) (1961), that:
An application for production and inspection must be timely made; and the court is not required on its own initiative to require production of the evidence. An accused who is aware, during the course of the trial, of the existence of documents in the possession of the prosecution, which may be relevant and material to the defense, and who takes no action prior to or during the trial to compel inspection or copying or production of them, has no right, after an unfavorable verdict, to compel their production.
Moreover, in the present instance, it is difficult to see how the physical presence of a butcher knife, a common, ordinary and well-known household article, which was described in the testimony of witnesses, could have aided the defense, nor how its absence was capable of misleading or confusing the jury or prejudicing appellant's rights.
Finally, it is argued that the case should be reversed because, following a slight disturbance which occurred in the courtroom during the trial, the trial court remarked: "Those people have been watching too much television. I am not going to have any California trials in my courtroom." It does not appear from the record that this remark was directed toward or referred to the appellant or reflected upon him or his defense in any manner whatever. It was the duty of the trial court to maintain order and this remark, made in the course of doing so, does not appear to have been of such a character as might be reasonably considered to have prejudiced appellant's rights. If the remark could be said to have constituted error, and we do not so hold, it was harmless.
No prejudicial error having been committed in the trial of appellant, and the sentence imposed having been within the statutory limits, the conviction and sentence appealed from are affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.